And who's appearing for the appellant? Pete Skro, for Appellant Daniel Wright. Good morning, Your Honors. Assistant State's Attorney Peter Maltese on behalf of the people. To Peters. Okay, you both have 15 minutes to orally argue. Appellant, leave whatever time you'd like for your rebuttal. You may proceed. May it please the court. Once again, Pete Skro for the appellant. I would like to reserve three minutes in rebuttal. This morning I would like to focus on arguments one and two in the briefs dealing with the invitee exception in the aggravated unlawful use of a weapons statute. In this case, the state did not prove all the elements of the crime of Aggie UW. In fact, they didn't even charge all the elements of the crime. In order to find Mr. Wright guilty, the state was required to prove that he possessed a loaded, immediately accessible weapon, while not on his own land, dwelling, fixed place of business, or on the land or legal dwelling of another. And it was the last two exceptions that the state did not charge and did not prove in this case. With permission, right? With permission, yes, Your Honor. And you argue that phraseology, with permission, means that they're with permission just for him to be on their property. No, Your Honor. I accept that permission means also to possess the handgun. Really? Okay. I didn't get that from your brief. I apologize on that. No, don't. I think you – I wouldn't concede that. The Supreme Court took Aguilar, right? Well, okay. I mean – I think that their argument makes a little more sense as to that issue of interpretation of with permission. But I don't know if you want to concede. Well, I guess what I'm saying is I'm not conceding that issue. But what I'm saying is that in this case, it doesn't matter. They didn't prove either. They had no evidence to – well, like I said, it was the state's burden to disprove these exceptions. And they probably, since they didn't charge it under the amended version of the statute, they presented no evidence on either one of these. But when the defendant testified, and he did testify, he said he had permission to be there, right? So disregarding or putting aside for a moment your argument that the defense counsel is ineffective, if it was the defendant's burden, which the state argues it is, to show that he was there with permission of the owner of the home, he did that, did he not? I mean, your client testified, I was at my uncle's house all day. I was there to see my cousin. This is my uncle's house. My uncle also got charged. But he testified in the defense case to your client, I have permission to be there. Sure, okay. I mean, you're right. I'm an invitee. If you're an invitee, you have permission. Right. Otherwise, you're a trespasser. Yes, sir. Well, I'm trying to trick you. If you're an invitee, it's understood you're there with permission. Well, and I think – well, basically, I wanted to argue here today because I didn't want to get bogged down in that because I don't think it even – in this case, I don't think since the state didn't present any evidence on either one of these, but it didn't meet its burden. I understand. Counsel, let me ask you. What about the state saying that there's an inference that can be drawn from the testimony? Well, I don't think that there's any inference can be drawn that the state met its burden in this case because he – are you speaking of the state's argument that since – They argue that there's a reasonable inference that can be drawn that the defendant did not have permission. Because he denied possessing the gun? I think that that is – I think that construction of the statute would be contrary to the plain language and to the meaning of the statute. For instance, if you were to give the statute that construction, say someone is on the land hunting or in someone's house or whatever, and he's arrested and he says, you know, this isn't my gun. I don't know what happened, but it's not. And the state charges him anyway. And then it's undeniably proven that he had permission. Under the state's theory, there would be – they would be able to charge and find him guilty even though it's conclusively proven that he had permission. I mean, I think what is crucial here is the state has the burden to prove that he did not have permission or was not an invitee, and they did not do that in this case. In fact, the state is now arguing that these are not exceptions that the state has to prove, but they are exemptions or defenses that the defendant must raise. But in Briscoe, in Paragraph 16 of Briscoe, another division of this Court specifically held, these are elements that the state has to disprove, and that's relying on Lobsher, which dealt with the preamended version. But there's no logical reason to treat these new amendments any differently than the preamended. But in Briscoe and every other case that cites Lobsher, no court or review has reversed a conviction under that argument, have they? So Briscoe similarly said, did they not – wasn't it also affirmed, or am I mistaken? Well, yes. In Briscoe, I think what happened was that there was evidence that the defendant possessed the gun outside of the home. And for instance, they saw someone was holding their arms up, apparently on a bike, I believe, and the defendant was holding a large object. He immediately ran in. The officer followed him in. An object was discarded. The officer picked it up. It was a gun. And so there was a very strong inference that could be drawn in that case that, while maybe the state didn't meet its burden on the invitee, he was outside of this place. He ran inside holding the gun. Now, in this case, there was absolutely no evidence at all other than that when the police came in, Mr. Wright briefly ran, fell down, and then they charged him with possessing a gun. Counsel, in Aguilar, didn't the owner say it wasn't his gun as well? Not in this case. There was no testimony from the owner. In Aguilar. Oh, yes. Yes, Your Honor. And I think that's a crucial distinction. I don't think the state can meet its burden through these, you know, after the fact, when the owner doesn't even testify. Now, in Aguilar, you could make that inference because the owner and the defendant both denied it. But I think in this case, that's a distinguishing fact, that when you don't even put on the owner, how can you say that the owner didn't give him permission? Or does the state met its burden in showing that? Well, you make the point at page 7 of your reply brief just then, that the state would always have to call the owner, correct? Well, I think it's just like they always do in all these cases under the pre-admitted version. They would have to prove that the defendant, well, this wasn't his address. But they can do that usually because when you arrest somebody, ask them where they live. And, you know, usually they give an address, whether it's the right address, the county knows. But it's usually not the same address as where they were arrested. Well, yes, Your Honor. I'm just saying like in the previous version, the state always had to prove that it wasn't their address. And, I mean, this case is really no different than, you know, possession of a stolen motor vehicle or something. Yes, though. They have to show, in that instance, whose car it was. And if they didn't give permission here, you have to show whose residence or land the person was arrested on and that the owner of that place did not give them permission. But in this case, going back to Justice Conner's question, clearly when the defendant testifies, I have permission, this is my uncle's house, I was there with permission. Accepting as true the first point you made, which is that in all likelihood, that with permission means permission to have a firearm on the person. Isn't that part of your argument taken away by the fact the defendant said, I never had a firearm? So he testifies. He didn't testify, I could have had a firearm. My uncle likes guns, I like guns. Unlike Briscoe, your defendant has never had a, is not a convicted felon. He's allowed to have a gun if he wishes to have a gun in his own home. He would be allowed to have a gun at the co-defendant's home if the co-defendant's uncle wanted him, said it was okay. But in this case, he said, I didn't have a gun. So isn't that the same as saying, I didn't have permission to have a gun, because why would I need permission for having something I don't have? Well, I don't think that that means that the state has met its burden, the fact that he denied having possession of the gun. The state still has the burden to prove every element. And, you know, like I said, we, I've argued in Argument 3 that this didn't even prove constructive possession. So I don't think that the fact that the defendant says, hey, this wasn't my gun, that the state is somehow relieved of its duty to prove all the elements of the crime. And I don't think that you can draw an inference that the state proved beyond a reasonable doubt he wasn't an invitee with permission just because he denied possession of the gun. And in both that law and Briscoe, that's what happened, right? I mean, this court in both those cases said, and we're concerned that he denied having a gun, because no owner testified in Aguilar, I'm sorry, it's just kind of points out, in Aguilar, the owner of the property also testified, said, no, I never gave him permission. But in Briscoe, that didn't happen. In Briscoe, it did not happen. But like I said, I think the holding of Briscoe was based on the fact that you could draw an inference that when the officer saw him holding a large object with a guy sticking his hands up, that he was, you know, had the gun. And I think that was a crucial holding of Briscoe. I don't think anywhere in Briscoe that they said, well, the fact that the defendant denied alone means the state has met the burden of proving all the elements of this offense, which I guess — Counsel, is Aguilar up on appeal? Yes, Your Honor. It's on appeal. It's fully briefed and argued in the Supreme Court. Is the basis, one of the basis for that appeal the question whether or not that was dicta in the case relative to the defendant having to prove the invitee exception? Your Honor, I believe that Aguilar is dealing with the constitutionality of the statute. And I don't believe he appealed the retroactivity of the amendments. But I could be wrong on that. But I don't think — Thank you. Briefly, I think my time is running short. I would also say, as this gets to my second issue, Your Honors, is that if there is any argument that defendant's testimony somehow helped the state meet its burden, I think defense counsel was clearly ineffective for not knowing the elements of this crime and not moving for a directed verdict at the close of the state's case. Defense counsel needs to know the current state of the law, the precise elements of the charge he's defending against. And in this case, it sure appears he did not. And if he would have, he would have been able to move for a directed verdict. And I think case law is clear. If defense counsel provides a missing element, which is basically the only way I see that the state is arguing this element can be proven, counsel is ineffective. And this case should be reversed under those grounds. But I would maintain that the state did not meet its burden of proving the elements of this offense, and it should be a reversal outright. And if Your Honors have any other questions, if not, I would like to reserve my remaining time for rebuttal. Thank you, Mr. Maltese. Excuse me. Mr. Sigma. Mr. Scruggs. Mr. Maltese. So is it an exception burden on the state? No, it is not. Why? Well, there is a list of exceptions under 24-2, and the invitee with permission is one of those exceptions under subsection B-5. Also under 24-2, subsection H, there is a list of exceptions under 24-3. There is an express provision that the exceptions shall be proven by the defendant. It is the defendant's burden of proof. Also significant in subsection H is the fact that it expressly says that the exceptions do not have to be part of the indictment or the information. Here we have a clear expression of the legislature's intent that the invitee with permission exception is for the defendant to prove. What case can you cite for that proposition? I'm sorry? Can you cite a case for that proposition? You cite a lot of driving while revoked cases, et cetera, but you don't cite any, I mean, it's a front end of statute, but no cases have held it that way, have they? No, none that I'm aware of. However, 24-2 expressly states that it is the defendant's burden. And it would make sense, because as Justice Quinn pointed out, the abode exception can be readily shown when a person is arrested and gives their address. The legislature clearly recognized that the people would have to prove that if the burden was on the people, they would actually have to basically prove who the owner was and that the owner did not give their permission. In this case, the owner was the co-defendant, and obviously we wouldn't have been able to put him on. The legislative debates show that the representatives were concerned that any invitee would be under this exception, and they kept on going back to a hotel guest, and a hotel guest are invitees. Counsel, let me ask you, in Lauscher, when it says, when an exception appears as a part of the body of the substance of offense, the state bears the burden of disproving the existence of the exception beyond a reasonable doubt. Is that contrary to what you just argued? Well, subsequent cases have ruled that the body of the offense does not necessarily refer to the location of it, but whether or not it's so incorporated within the elements that one cannot describe the offense without describing the exceptions. Now, clearly the aggravated, unlawful use of a weapon existed before this exception was entered. But isn't it part of the body of the offense, the exception? In this case, it appears both places. It appears within the body, and then in Section 24-2, it's listed as an exception, and that's 24-2B-5. What's telling is the public act which amended the act in order to put the exception also amended the abode part of the offense and added legal dwelling. And when they amended it, they obviously put it within the definitional section, but they also put it in the exception section. What they did not put in was the legal dwelling as far as describing the abode section. And they easily could have put both the abode legal dwelling exception and the invitee with permission exception, but they chose to only put the invitee with permission in the exceptions. And in full well-knowing that Section H expressly states that this is something for the defendant to prove. However, regardless of who has the burden to prove, the evidence supports that the defendant did not have permission to have a weapon within the residence. And basically, as I believe Justice Quinn pointed out, Aguilar and Briscoe have found that the defendant's denial of having possession creates at least a reasonable inference which can support that he did not have permission. And therefore, even if this Court was to decide that it was the people's burden to prove, the none Isn't that really conjecture? Doesn't your last statement, that brings with it a lot of assumptions and conjecture, doesn't it? It's a reasonable inference. And on appeal, this Court is bound to The fact that he didn't have a gun means he didn't have permission. The fact that he denied The fact that he had a gun means he did have permission. Oh, I wouldn't agree with that statement. I would agree with the first part of the statement. But the fact that he had a gun does not necessarily mean that he had permission to have the gun. Just because you say it doesn't make it so. It has to be supported by some other factors. Well, on appeal The fact that he didn't have a gun means he didn't have permission. That's a lot of words. That's just an assumption. It's conjecture. Isn't something more required? As the defendant suggests, you're going to have to bring the owner in and clearly state whether or not there was permission? Well, clearly in the previous cases, the owner did come in, which made it arguably a stronger case. However, the reasonable inference that he didn't have a gun or that he denies having a gun is part and parcel with him denying that he had permission to have a gun. Can I question that the defendant had permission from his uncle to be there at the house, right? I believe that would be a reasonable inference also. However, on appeal, all reasonable inferences have to be decided favorable to the state. If it's a reasonable inference. If it's reasonable. We would also argue that his flight through the airport He also didn't have a bouquet of roses with him. So that means that he didn't have permission to have a bouquet of roses. Well, a bouquet of roses We can conjecturize, we can make all kinds of assumptions. All kinds of objects that were there were not there. Whether or not he had permission, not There have to be other factors upon which a trier of fact could make a reasonable conclusion. Proceed. In answer to the In answer to defendant's suggestion that counsel was ineffective for putting his client on the stand And having him deny When defendant denied possession of the weapon, that somehow that was ineffective assistance of counsel. Two points I'd like to argue on that. The first point is it's not counsel's decision whether or not the defendant testifies. And number two, the denial was core to the defendant's defense. And it wasn't a concession regarding one element. It was actually a denial regarding one element. Additionally, counsel argues that it was ineffective for not motioning for a directed verdict at the close of the people's case. And the record is, of course, very clear. Counsel did move for a directed verdict. And he did not And argued points. And the points were that there was no actual possession of a weapon. The exact points that a defense counsel raises within a directed verdict is one of trial strategy. And in this case, the Counsel decided that he believed his case was stronger by attacking the possession as opposed to the exception. Furthermore, as we maintained, the statute is clear that defendants has the burden of presenting the exception. However, even if You argued that, and you started by citing a 24-2B-5 for that proposition, right? Correct. That's not in your brief, is it? It is not. And I apologize. It would help if it was in the brief. Not all of us know these things backward forward, especially me. Those of us who used to do it know much less than the people who actually care enough to read it now. And if that's not there, it would have been a lot easier and a lot less torment, speaking just for myself, to know that was in there. With apologies to the court, it was an argument that we developed in preparing for the oral argument. And in answer to defendants' invitation to look at that exception statute within his reply brief. And in closing, the people Before you close, let's say for argument's sake that we agree with you on the exception. And that we then say that, well, if it's the defendant's burden to show you permission from the uncle, and accepting your argument that when he said, I didn't have a gun, he means then he didn't have permission from his uncle to have something which he didn't have. Wouldn't we have to reach the holding in the Seventh Circuit in Moore, which is raised in their reply brief? No. Subsequent to the Seventh Circuit's decision in Moore, this Court has issued another case named Moore, in which the Court stated in absence of a decision by the Supreme Court, the Seventh Circuit case is only persuasive authority. And this Court didn't find the ruling in the Seventh Circuit, Moore, to be particularly persuasive. And we would ask that the Court follow that ruling. But wouldn't it be dicta in the other divisions, Sixth Division's decision in Moore, that felon was a convicted felon? And Mr. Wright, this defendant, until now, has not been a convicted felon, correct? Correct. So when Justice Reyes went down that path, he could have recited Judge Posner's Moore saying, none of this applies to convicted felons. Convicted felons are not allowed to possess a gun in Illinois under any circumstances. Right? And you're right. The Court could have ruled that way. However, I don't agree that the ruling that you're referring to is dicta. I believe it's an alternative basis for... Right, that we don't have to follow anything done by the Seventh Circuit, or the district, or anywhere else, except for the U.S. Supreme Court and our own court, right? That's correct, Your Honor. For the reasons stated today and the reasons stated in our brief, we would ask that the defendant's conviction be affirmed. Thank you, sir. Five minutes. Proceed. The fact, counsel's argument that 24-2, 24-2 was in effect when lobster was decided. The crucial characteristic here is that it was put in the body of the offense. Now, in lobster, they held that these exceptions the state has to disprove, the legislator is presumed to know the judicial construction given the statute. When they put these new exceptions in the same sentence that had already been construed, that means the state has the burden. The fact that there is an exemption in 24-2 doesn't change the fact that the state has the burden of disproving these exceptions. And that's clear from lobster, which, like I said, 24-2 existed at the time of the lobster. And as far as counsel's ineffectiveness, I think counsel's ineffective for not knowing the elements of the statute. Sure, the defendant has a right to testify. It shouldn't have come to that. Counsel should have been able to move for a directed verdict, and then defendant would have been acquitted. So I don't think the fact that counsel has a right to testify. So in this case, he did not move at all for a directed verdict? He didn't move for a directed verdict. I think he needs to know, he needs to move for a directed verdict on his best chance of winning, which would have been to say, Your Honor, the state didn't meet the elements of this offense. But what if he knows that Judge Cannon accepts Judge Tooman's theories on directed findings, and that if a defense attorney makes a motion directed findings is denied, unless the defendant testifies or they put down substantial evidence in the defense case, that case is over. He actually switched the burden over to the defendant, which is what Judge Cannon does. Well, I'm not sure. I would just say that without knowing the particulars of that scenario. I think the trial lawyer knows, though. That's my point. So the trial lawyer knows unless he does something, he's doomed. Well, and I think that would actually support what I'm saying. Okay, he should do something or he's doomed. He should do the best thing he can do, which is to say, Your Honor, the state charged him under a previous version. They didn't meet the elements of this offense. He should be acquitted. So I think that's clear. And I don't think defendants' right to testify factors into this at all. And I don't even think with defendants' testimony that it's. Going back down to the second point, again, let's say that we agree with the state that the case is proven. Do you have any argument at all about the Moore case from Justice Reyes? It came down just a couple weeks ago, assuming. Well, I think that the Seventh Circuit's decision in Morty Madigan obviously is not controlling on this court, but I think it's persuasive. I think this is the type of case that is going to have to be addressed because this was not a convicted felon. This was not someone who came under any of the exceptions that the court hinted at in Heller and McDonald that we will be able to restrict, the state will be able to restrict. This is someone who the right to self-defense should apply to. He's not a convicted felon. So I think that under a limited reading of Heller and McDonald, this statute was unconstitutional. I don't think the subsection he was, Mr. Wright was convicted under, will be unconstitutional because it basically is a blanket ban on people like Mr. Wright from possessing guns for self-defense. I'm going to say permission of the wrongful. Well, I think the statutory exception should clear this up and we would not have to reach the constitutional issue. Thank you. Thank you. Case is taken under advice.